SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE MANHATTAN WEST
NEW YORK, NY 10001

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

**MEMO ENDORSED**

DIRECT DIAL
(212) 735-3000
EMAIL ADDRESS
ALEXANDER.DRYLEWSKI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/08/2026

September 7, 2026

**VIA ECF AND EMAIL**

Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 906
New York, New York 10007

RE: ESS Frontier LLC v. Ostium Foundation et al., No. 1:26-cv-07645

Dear Judge Garnett:

We respectfully submit this letter on behalf of Defendant Kaledora Kiernan-Linn. This letter constitutes our first appearance in this matter on Ms. Kiernan-Linn's behalf. We respectfully request the same relief that this Court granted to Ms. Kiernan-Linn's co-defendants on the application of their counsel Sidley Austin LLP ("Sidley"), by letter dated September 6, 2026 ("Sidley's September 6, 2026 Letter")—namely, that the Court hold the September 6, 2026, Temporary Restraining Order's ("TRO") disclosure deadlines in abeyance as to Ms. Kiernan-Linn and remain stayed until a conference before the parties' assigned judge.

## I. Background

We incorporate by reference the case background and procedural posture set forth in Sidley's September 6, 2026 Letter.

Ms. Kiernan-Linn is an individual defendant in this action, named in her capacity as Ostium's CEO and co-founder. She first learned of this proceeding, the TRO, and the accompanying discovery obligations over the Labor Day holiday weekend. She has

therefore only just retained undersigned counsel, who now appear for the first time in this matter and are working expeditiously to come up to speed. The compressed timeline—from initial notice of an *ex parte* order to expedited discovery deadlines, all over a federal holiday weekend—has left Ms. Kiernan-Linn with no meaningful opportunity to review the record, assess the scope of the TRO's obligations or begin the work required to respond.

As clarified in the Court's order issued earlier today, September 7, 2026, the relief afforded to Ms. Kiernan-Linn's co-defendants—holding the disclosure deadlines in abeyance—does not extend to her given that co-defendants' counsel does not represent Ms. Kiernan-Linn. As her newly retained counsel, we respectfully request that Ms. Kiernan-Linn receive equivalent treatment.

## II. Ms. Kiernan-Linn Will Comply With the TRO's Asset Restraint and Preservation Obligations

As stated in Sidley's September 6, 2026 Letter, to the extent this Court's *ex parte* orders are motivated by concern that Ms. Kiernan-Linn will dissipate assets, that concern is unwarranted, just at it is with respect to her co-defendants. Ms. Kiernan-Linn has been and remains a director of Ostium Labs, and has no intention to dissipate assets.

Notwithstanding the foregoing and reserving all rights to later challenge the TRO, Ms. Kiernan-Linn confirms that she is currently complying with, and will continue to comply with, the TRO's asset restraint and preservation obligations, including TRO ¶¶ 17 and 27, for so long as the TRO remains in effect. She has no plan to move, transfer, conceal or otherwise dissipate any assets constituting Covered Property as defined in TRO ¶ 16. Accordingly, there is no risk of dissipation during the brief extension requested herein.

## III. The Discovery Deadlines Are Unworkable as Applied to Ms. Kiernan-Linn

The same considerations that warranted the Court's grant of relief to Ms. Kiernan-Linn's co-defendants apply with equal or greater force to Ms. Kiernan-Linn in her individual capacity.

First, the TRO and its embedded discovery regime were obtained *ex parte,* without any opportunity for Ms. Kiernan-Linn to be heard regarding their scope, timing or workability. Ms. Kiernan-Linn was not represented by counsel when the TRO was entered.

Second, Ms. Kiernan-Linn retained undersigned counsel only after Plaintiff's complaint was filed on September 5, 2026, the Saturday of Labor Day Weekend. Counsel requires a reasonable period to review the complaint, the TRO, and the Court's related orders; to assess the scope of the discovery obligations; to coordinate with Ms. Kiernan-Linn regarding the identification of responsive information; and to ensure that any disclosures made are accurate and complete. The 48-hour verified account disclosure obligation under TRO ¶ 22—which requires identification of every bank, brokerage, trading, exchange, custodial, digital-asset, and hedging account in which Ms. Kiernan-Linn has any interest or through which Covered Property has passed since August 1, 2025—cannot reasonably be completed under these circumstances. Earlier today, undersigned counsel

contacted Plaintiff's counsel to introduce ourselves and discuss the matter. Plaintiff's counsel responded indicating their willingness to work with our client on a reasonable schedule for the TRO's disclosure obligations related to *historical* information, subject to any required Court approval. We responded to Plaintiff's counsel, and would respectfully submit to the Court, that the same practical constraints apply equally to current account information, which would need to include "a verified disclosure identifying every bank brokerage, trading, exchange, custodian, digital-asset, and hedging account in which Ostium Foundation has an interest" under TRO ¶ 22. This is compounded by the fact that such information may not be within, or may not be solely within, Ms. Kiernan-Linn's custody and control. Accordingly, we asked whether Plaintiff would consent to Ms. Kiernan-Linn seeking the same relief the Court has already afforded to all other defendants—namely, a stay of all discovery deadlines. Plaintiff's counsel declined. Instead, Plaintiff conditioned any accommodation on Ms. Kiernan-Linn immediately identifying funds sufficient to satisfy the $15 million attachment—including specific blockchain addresses, accounts, or financial institutions—and stated that Plaintiff would oppose any request to stay the remaining disclosure obligations unless Ms. Kiernan-Linn first provided that financial information. In other words, Plaintiff's proposed "accommodation" would require Ms. Kiernan-Linn to perform the core of the very disclosure she is seeking additional time to prepare, as a precondition to receiving additional time. That is not a meaningful accommodation. Ms. Kiernan-Linn is not seeking to frustrate the Court's order. She is willing to coordinate with the entity defendants' separate advisors regarding entity-level financial information, and prepare verified disclosures that are accurate and complete, pending the parties conference before their assigned judge.

Third, the TRO's asset restraint and preservation obligations remain in full force and will continue to be honored during the pendency of the stay. Plaintiff would suffer no prejudice from a brief extension.

Fourth, Ms. Kiernan-Linn should not be placed in a worse position than her co-defendants who have already received the benefit of this Court's order. Ms. Kiernan-Linn, an individual who expeditiously retained counsel after being notified of Plaintiff's Complaint, respectfully seeks the same relief.

## IV. Ms. Kiernan-Linn Intends to Seek Dissolution or Modification of the TRO

Ms. Kiernan-Linn writes tonight to address the impending discovery deadline. At the earliest practicable date, she intends to file formal motion papers seeking dissolution or modification of the TRO pursuant to Federal Rule of Civil Procedure 65(b)(4), as well as such other relief as may be appropriate.

## V. Relief Requested

For the foregoing reasons, Ms. Kiernan-Linn respectfully requests that the Court hold the TRO's disclosure deadlines in abeyance as to Ms. Kiernan-Linn, on the same terms as those granted to Ms. Kiernan-Linn's entity co-defendants. In the alternative, Ms. Kiernan-Linn respectfully requests a modest delay in the discovery schedule.

Respectfully submitted,

/s/ Alexander C. Drylewski

Alexander C. Drylewski

CC: All counsel via ECF
William Ridgway (*pro hac vice* application forthcoming)
Rebecca M. Murday (*pro hac vice* application forthcoming)
Chelsea B. Mihelich (*pro hac vice* application forthcoming)

**Memorandum Endorsement**

**The disclosure deadlines provided for in the Temporary Restraining Order entered on September 5, 2026, and modified by subsequent orders entered on September 6, 2026, hereby are STAYED as to Defendant Kaledora Kiernan-Linn until further order of this Court.**

**Hon. Lewis A. Kaplan, USDJ**
**Dated: September 8, 2026**