**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESS FRONTIER LLC,<br><br>Plaintiff,<br><br>-against-<br><br>OSTIUM FOUNDATION; OSTIUM LABS CO.; DELTAX LTD.; DX GROUP LIMITED; KALEDORA KIERNAN-LINN; and JOHN DOE TRANSFEREES 1–10,<br><br>Defendants. | **Case No. 1:26-cv-07645**<br><br>**DECLARATION OF KALEDORA KIERNAN-LINN IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER, DENY CONFIRMATION OF ATTACHMENT, AND DENY EXPEDITED DISCOVERY** |

I, Kaledora Kiernan-Linn, declare as follows:

## BACKGROUND AND QUALIFICATIONS

1. I am the co-founder and Chief Executive Officer of Ostium Labs Co. ("Ostium Labs"). I am not a director of Ostium Foundation, DeltaX Ltd. or DX Group Limited.

2. I submit this declaration in support of Defendants' Emergency Motion To Dissolve the Temporary Restraining Order, Deny Confirmation of Attachment, and Deny Expedited Discovery (the "Motion"). I have personal knowledge of the facts set forth in this declaration, including through Ostium Labs' role as service provider to Ostium Foundation described below.

3. Ostium Labs, together with Ostium Foundation and their respective affiliates developed the Ostium decentralized finance protocol, a blockchain-based trading platform that enables users to gain exposure to commodities, foreign exchange, cryptocurrency, and equity indices through on-chain settlement. The platform operates on the Arbitrum blockchain and is used by independent third-party users who deposit and trade their own funds through the protocol.

4. Prior to co-founding Ostium Labs, I interned at Bridgewater Associates and McKinsey & Company. Ostium Labs announced its first institutional financing in October 2023. In December 2025, Ostium Labs announced $24 million in new capital from investors including General Catalyst, Jump Crypto, Coinbase Ventures, and Wintermute Ventures, among others.

**THE LOANS**

5. To my understanding, on October 20, 2025, Ostium Foundation and Minghui Zheng executed a Master Digital Currency Loan Agreement (the "Loan Agreement"). To my understanding, Zheng thereafter transferred 10,000,000 USDC to Ostium Foundation, which accepted the funds. I further understand that in or around January 2026, Zheng transferred an additional 10,000,000 USDC to Ostium Foundation, which Ostium Foundation accepted.

**THE OSTIUM ENTERPRISE STRUCTURE**

6. The Ostium enterprise operates through several related entities with distinct but complementary roles. Ostium Labs is the development company: it developed the Ostium protocol, employs the engineering, product, and business personnel who build and maintain the platform, and holds the intellectual property and technical infrastructure to support the protocol's functioning. Ostium Foundation holds certain protocol-related assets and contracts with Ostium Labs for the technology, personnel, and management necessary to operate its business. This structure – a technology development company paired with a Cayman foundation as a capital-raising vehicle – is common in the decentralized finance industry.

7. DeltaX Ltd. ("DeltaX") is an entity that participates in the off-chain hedging functions of the Ostium enterprise.

**THE JULY 2026 SECURITY INCIDENT AND RESTRUCTURING**

8. On July 15, 2026, the Ostium protocol suffered a security incident. An attacker compromised the Ostium protocol's off-chain price-reporting infrastructure and a privileged signer then removed 23,752,746 USDC from the Ostium protocol's liquidity-provider vault. The attack exploited systems outside the scope of the Ostium protocol's published smart-contract security audits. Ostium publicly disclosed the incident promptly through its official channels.

9. It is my understanding that prior to the security incident, on July 9, 2026, the Ostium Foundation had returned 5,000,000 USDC and issued a written Loan Repayment Notice acknowledging the remaining 15,000,000 USDC outstanding.

10. Following the security incident, Ostium Foundation faced challenges with satisfying all of its creditor obligations in the ordinary course. In the weeks that followed, Ostium Labs Co., Ostium Foundation, DeltaX Ltd. and DX Group Limited (the "Ostium entities") engaged Alvarez & Marsal ("A&M") as financial advisor and Sidley Austin LLP as legal counsel to assist with an out-of-court restructuring process. To my knowledge, Ostium Foundation also engaged local Cayman Islands legal counsel. Those advisors worked with the Ostium entities and their various creditor constituencies toward a consensual multi-stakeholder resolution designed to maximize going-concern value for all creditors.

11. To my knowledge, Zheng recalled his loan on July 22, 2026 and the Foundation did not pay by the recall delivery date. Ostium Labs, which provides business-development and related services to Ostium Foundation under applicable agreements, sent Zheng written notice of the situation. Zheng sent a written notice of default on August 3, 2026. The Foundation owes 15,000,000 USDC in principal, plus accruing late fees and borrow fees, under the Loan Agreement.

## EXECUTION OF THE NDA AND INFORMATION SHARED THEREUNDER

12. On August 5, 2026, Ostium Labs and Ostium Foundation executed a non-disclosure agreement with Zheng (the "NDA"). I executed the NDA on behalf of Ostium Labs in my capacity as Chief Executive Officer. Craig Pascoe executed on behalf of Ostium Foundation as a Director. Zheng executed the NDA personally. A true and correct copy of the NDA is attached hereto as **Exhibit A**.

13. The NDA was entered specifically to create a confidential and protected framework for frank discussions with Zheng about a potential consensual resolution of his loan claims.

14. In the period between August 5, 2026 and September 4, 2026, Ostium Labs and Ostium Foundation provided Zheng, in exclusive reliance on the NDA's protections, substantial confidential information. That information was made available through a secure, access-controlled data room; documents bore confidentiality and Rule 408 legends and a watermark recording the downloading user account and date. The information provided included [redacted]

15. All of the foregoing information was provided to Zheng pursuant to and in exclusive reliance on the NDA, solely for the purpose of the Discussions as defined in the NDA.

16. I have reviewed the publicly-available Complaint and portions of the TRO and supporting papers. The information about the Ostium entities' finances and internal recovery plan

details were not publicly available before the filing and could only have been obtained from NDA-protected materials and Discussions.

**NO CONSENT TO ASSIGNMENT**

17. To my knowledge, the Ostium entities did not consent to any assignment of the NDA or of Zheng's confidentiality and litigation-use obligations thereunder. I am not aware that any such consent was sought or provided.

18. I am not aware of ESS Frontier LLC executing a written joinder to the NDA or otherwise agree in writing to be bound by the NDA's terms.

**HARM TO GOING-CONCERN VALUE AND RESTRUCTURING EFFORTS**

19. Plaintiff's proposed reading of the TRO would be immediately and severely devastating to the Ostium business. If all trading activity on the Ostium protocol were halted, users with active positions would be unable to manage, adjust, or close those positions. Undercollateralized positions could not be liquidated in the ordinary course, creating cascading risk across the platform. The going-concern value of the Ostium protocol – a potential source of recovery for Plaintiff and other creditors – would be immediately and materially diminished.

20. Even setting aside Plaintiff's broadest interpretive positions, the TRO as entered has been highly disruptive to Defendants' business and to the restructuring process. The restraint on Covered Property creates significant uncertainty about the source of funds for ordinary business operations, complicates treasury management, and severely limits Ostium Labs' ability to engage with other creditors constructively with respect to a consensual restructuring. Defendants and their advisors have devoted substantial time and resources to responding to this proceeding on an emergency timeline.

21. It is my understanding that at the time Plaintiff filed the TRO application, Defendants were engaged in active, multi-stakeholder restructuring negotiations supported by A&M, Sidley Austin, and Cayman Islands legal counsel. The TRO, and this proceeding generally, has significantly complicated those negotiations. The risk that a consensual resolution will be foreclosed entirely grows with each day the TRO remains in effect. Dissipating or concealing assets is fundamentally antithetical to the restructuring effort that Defendants are pursuing, and, to my knowledge, no Defendant has any intention of doing so.

22. The public filing of the Ostium entities' confidential financial and operational information has caused and continues to cause material harm independent of the TRO's asset-restraint provisions. In particular, Plaintiff publicly-filed with only minimal redactions a term sheet that reflects Defendants' attempt to engage in an out-of-court restructuring. This has damaged the Ostium entities' negotiating position with every stakeholder contemplated to be part of a consensual resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of September, 2026, at New York, New York.

Kaledora Kiernan-Linn