**Burshteyn Polin LLP**

Michael Burshteyn
Founding Partner
Burshteyn Polin LLP
mike@burshteynpolin.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 9-15-26

September 14, 2026

VIA ECF
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: ESS Frontier LLC and Minghui Zheng v. Ostium Foundation et al.**
**No. 1:26-cv-07645-LAK — Letter Motion for Limited Sealing and Redactions**

Dear Judge Kaplan:

We represent Plaintiffs ESS Frontier LLC and Minghui Zheng. Consistent with the prior sealing requests in this action, including ECF No. 53, Plaintiffs request leave to file under seal the materials identified in Schedule A and to file the corresponding public versions described there.

This application concerns materials related to this dispute for which Defendants have asserted confidentiality interests, including nonpublic financial and restructuring information whose disclosure they contend would harm their business interests. ECF No. 53 at 1–2. Plaintiffs seek protection pending the Court's determination of those asserted interests, without conceding that sealing is warranted or waiving any objection.

Schedule A and the highlighted copies identify the precise passages proposed for redaction; the balance of those documents would remain public. Plaintiffs also request sealing of the complete eight-page arbitration claim attached as Exhibit A to the Tsan Declaration, pending resolution of the same asserted confidentiality interests. The public counterpart would contain an Exhibit A slip sheet. The arbitration exhibits are not included. The Tsan Declaration and the AAA acknowledgment attached as Exhibit B would remain public.

Plaintiffs will confer with Defendants to narrow the request and notify them of the requirement under the Court's Individual Practices, pages 4–5, to submit within three days a letter explaining the need for the protection they claim. Plaintiffs request entry of the accompanying proposed order, with protection limited to the materials the Court approves. This application requests no change to the existing briefing schedule or hearing date.

Granted

SO ORDERED
LEWIS A. KAPLAN, USDJ 9/15/26

Respectfully submitted,
**BURSHTEYN POLIN LLP**
*S/ Michael Burshteyn*
Michael Burshteyn
Founding Partner
1212 Broadway Plaza, Suite 2100
Walnut Creek, California 94596
Telephone: (925) 238-3119
mike@burshteynpolin.com

**THE CRYPTO LAWYERS, PLLC**
Rafael Yakobi
11035 Lavender Hill Drive, Suite 160-220
Las Vegas, Nevada 89135
Telephone: (619) 317-0722
rafael@thecryptolawyers.com

**SHOEMAKER GHISELLI + SCHWARTZ LLC**
Adam B. Stern
1811 Pearl Street
Boulder, Colorado 80302
Telephone: (303) 923-8672
astern@sgslitigation.com

Counsel for Plaintiffs ESS Frontier LLC and Minghui Zheng

# Schedule A Proposed Limited Redactions

ESS Frontier LLC and Minghui Zheng v Ostium Foundation et al

No. 1:26-cv-07645-LAK

**The proposed redactions are the passages highlighted in yellow and teal in the unredacted copies identified below. Both colors identify requested redactions. The corresponding public versions will redact those passages. Except for Exhibit A to the Tsan Declaration, identified below, the requested protection is limited to the specified portions of each document.**

### First Amended Complaint

Financial, restructuring, and attribution material: ¶ 7, p. 3; ¶ 15, p. 5; ¶ 16, p. 5; ¶ 82, p. 15; ¶ 85, p. 15; ¶ 86, p. 15–16; ¶ 97, p. 17; ¶ 177, p. 31; ¶ 5, p. 2–3; ¶ 6, p. 3; ¶ 89, p. 16; ¶ 91, p. 16–17; ¶ 94, p. 17; ¶ 99, p. 18; ¶ 104, p. 18–19; ¶ 105, p. 19; ¶ 158, p. 27.

NDA references, terms, procurement, and related assertions: p. 1; p. 27; ¶ 161, p. 27–28; ¶ 162, p. 28; ¶ 163, p. 28; ¶ 164, p. 28; ¶ 165, p. 28; ¶ 167, p. 28–29; ¶ 168, p. 29; ¶ 169, p. 29; ¶ 171, p. 29–30; ¶ 173, p. 30; ¶ 175, p. 30; ¶ 176, p. 30–31; ¶ 177, p. 31; ¶ 178, p. 31; ¶ 179, p. 31; ¶ 180, p. 31; ¶ 181, p. 31–32; ¶ 182, p. 32; ¶ 183, p. 32; p. 32; ¶ 184, p. 32–33; ¶ 185, p. 33; ¶ 186, p. 33; ¶ 189, p. 33; ¶ 191, p. 34; p. 34; ¶ 193, p. 34; ¶ 194, p. 34–35; ¶ 195, p. 35; ¶ 196, p. 35; ¶ 197, p. 35; ¶ 198, p. 35; ¶ 199, p. 35; ¶ 200, p. 35–36; ¶ 201, p. 36; p. 37–38; p. 38; ¶ 166, p. 28; ¶ 170, p. 29; ¶ 172, p. 30; ¶ 174, p. 30; ¶ 187, p. 33; ¶ 188, p. 33; ¶ 190, p. 33–34.

### FAC comparison exhibit

Financial, restructuring, and attribution material: ¶ 5, pp. 2–3; ¶¶ 6–7, p. 3; ¶¶ 15–16, p. 5; ¶ 82, p. 15; ¶¶ 85–86 and 89, p. 16; ¶¶ 91 and 94, p. 17; ¶¶ 97 and 99, p. 18; ¶ 104, p. 19; ¶ 105, p. 20; ¶ 158, p. 27; ¶ 177, p. 31.

NDA references, terms, procurement, and related assertions: introductory paragraph, p. 1; headings, pp. 28 and 33–34; ¶¶ 161–165, p. 28; ¶¶ 166–168, p. 29; ¶ 169, pp. 29–30; ¶¶ 170–173, p. 30; ¶ 174, pp. 30–31; ¶¶ 175–178, p. 31; ¶ 179, pp. 31–32; ¶¶ 180–182, p. 32; ¶ 183, pp. 32–33; ¶¶ 184–187, p. 33; ¶¶ 188–191, p. 34; ¶¶ 193–197, p. 35; ¶¶ 198–201, p. 36; requested relief, items J–K, p. 38.

### Consolidated memorandum of law

Financial, restructuring, and attribution material: p. 21.

NDA references, terms, procurement, and related assertions: Table of Contents, p. i; memorandum, pp. 1–2, 5–6, 11–12, 17–23, and 26–27; footnote 4 (p. 7).

**Supplemental Zheng Declaration**
Financial, restructuring, and attribution material: ¶ 15, p. 3–4.

NDA references, terms, procurement, and related assertions: ¶ 1, p. 1; ¶ 9, p. 2; ¶ 10, p. 2–3; ¶ 11, p. 3; ¶ 12, p. 3; ¶ 13, p. 3; ¶ 14, p. 3; ¶ 15, p. 3–4; ¶ 17, p. 4.

**Burshteyn Declaration**
NDA references, terms, procurement, and related assertions: ¶ 12, p. 4.

**Notice of filing First Amended Complaint**
NDA references, terms, procurement, and related assertions: p. 1.

**Second Supplemental Hamilton Declaration**
Paragraph 3, page 1: the highlighted reference in the first sentence. No other portion of the declaration or its exhibits is proposed for redaction.

**Tsan Declaration — Exhibit A: Demand for Arbitration and Statement of Claim**
September 14, 2026 demand, pages 1–8, in its entirety, including its exhibit index. The arbitration exhibits are not included. The public counterpart will be a slip sheet identifying Exhibit A as "CLAIM FILED UNDER SEAL." The Tsan Declaration and Exhibit B, the AAA acknowledgment, will remain public.